IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL HURST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-612-GMS |
| | ) |
| SUSSEX CORRECTIONAL INST., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Russell Hurst ("Hurst"), an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this lawsuit on May 17, 2012. (D.I. 2.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

The complaint is filed pursuant to 42 U.S.C. § 1983, and alleges violations of Hurst's constitutional rights. (D.I. 2.) Hurst slipped and fell as he was leaving the shower. He heard something in his left knee pop. Later, his knee became swollen and he submitted a sick call slip and grievance. He asked medical to move him to a bottom tier because walking up and down the stairs causes him a great deal of knee pain. Hurst seeks compensatory damages and injunctive relief for medical care and the placement of "wet floor" signs or mats.

**II. STANDARD OF REVIEW**

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Hurst proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

must grant Hurst leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Hurst has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Hurst's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

## III. DISCUSSION

### A. Eleventh Amendment

Hurst names the SCI and its medical unit as defendants. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the SCI, which falls under the umbrella of the Delaware Department of Correction, is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, 2004 WL 2009362, at *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

The State of Delaware has neither consented to plaintiff's suit nor waived its immunity. Therefore, the claims against the SCI and its medical unit are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) as they are immune from suit.[2]

### B. Medical Needs

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to

---

[2]To the extent that Hurst raises a claim based upon his slip and fall, the claim fails as it sounds in negligence. The Supreme Court has held that prison authorities' mere negligence in and of itself does not violate prisoners' constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986).

4

that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (not published) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the complaint in the most favorable light to Hurst, he fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. At present, the claims are deficiently pled as they are not directed against any individual. Therefore, the medical needs claims will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that Hurst may be able to articulate a claim against a defendant or name alternative defendants, he will be given an opportunity to amend as to this claim. *See O'Dell v. United*

*States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Hurst will be given leave to amend the complaint.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Sept 12, 2012
Wilmington, Delaware